UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| KENNETH A. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | No. 6:23-CV-191-REW |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN GILLEY, et al., | ) | MEMORANDUM OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Plaintiff Kenneth Jones is an inmate confined at the federal penitentiary in Beaumont, Texas. Jones has filed a *pro se* civil complaint asserting claims pursuant to *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971)[1] and the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"). *See* DE 1 (Complaint). The Court previously granted Jones *pauper* status. *See* DE 6 (Order). Sections 1915(e)(2) and 1915A of Title 28, United States Code, require the Court to assess the viability of the plaintiff's claims before proceeding further. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Jones alleges that on November 30, 2021, several officers at the federal penitentiary in Pine Knot, Kentucky assaulted him when he was handcuffed. *See* DE 1 at 3-4. More specifically, he states that he was handcuffed after another inmate tried to hit him, and that officers forced him to walk down a long corridor despite the fact that he was hobbled by a serious injury

---

[1] Jones repeatedly states that he asserts his constitutional tort claims pursuant to 42 U.S.C. § 1983. *See* DE 1 at 3, 5, 8, 13, 15. Because each of the named defendants is employed by the federal – not state – government, Section 1983 does not apply. *Cf. Zareck v. Corr. Corp. of Am.*, 809 F. App'x 303, 305 (6th Cir. 2020) ("... § 1983 claims may be brought against only state, not federal, actors."). "There lacks any authority in support of [the] blanket proposition that a court must convert a Section 1983 claim asserted against federal officials to one asserting *Bivens* violations," *Mitchell v. Chapman*, 343 F.3d 811, 825 (6th Cir. 2003). However, the Court will do so here.

1

to his knee. Jones alleges that after he fell to the ground, one or more officers slammed his face into the pavement. One officer allegedly sat on Jones's back, preventing him from breathing and causing him to lose consciousness. Officers then placed him in a wheelchair and transported him to the medical unit. *See* DE 1 at 8-11. Jones further alleges that the nurse in the segregation unit would not give him appropriate pain medication, would not order a cane or wheelchair to assist with ambulation, and would not transfer him out of the segregation unit. Jones asserts that he was denied proper medical attention for nearly three months from November 30, 2021, through February 23, 2022. *See* DE 1 at 4, 11-13.

Jones filed an inmate grievance regarding the assault on December 16, 2021; that grievance and subsequent appeals were denied at all levels, with the process concluding on July 12, 2022. *See* DE 1-1 at 6-13 (Inmate Grievance Documents). On September 12, 2022, Jones filed a request for administrative settlement of his assault and medical care claims pursuant to the FTCA. *See* DE 1-1 at 14-19 (Claim for Damage, Injury, or Death). The BOP denied that request by letter dated April 12, 2023. *See* DE 1-1 at 20-22.

In a complaint dated October 28, 2023, Jones sues the Federal Bureau of Prisons, the warden, and nearly a dozen federal corrections officers and medical care providers. *See* DE 1 at 6-7, 19. Jones contends that the defendants violated his constitutional rights by either participating directly in the assault or by failing to stop it; failing to properly train or supervise subordinates; and conspiring to deprive him of his constitutional rights. He further claims the defendants were either reckless or negligent with respect to his medical care. *See* DE 1 at 13-17.

Jones acknowledges that he has previously filed suit arising out of these events. *See* DE 1 at 18. In July 2022, Jones filed a complaint asserting *Bivens* claims for excessive force against two of the escorting officers. *See Jones v. Hurley*, No. 6:22-CV-130-DCR (E.D. Ky. 2022) at DE

2

1 (Complaint). In February 2023 the Court granted the defendants' motion to dismiss the complaint for failure to state a claim, concluding that in light of the Supreme Court's decisions in *Ziglar v. Abbasi*, 137 S. Ct. 1843 (2017) and *Egbert v. Boule*, 142 S. Ct. 1793 (2022), Jones's claims under the First and Eighth Amendments were not cognizable under *Bivens*. *See id*. at DE 23 (Memorandum Opinion and Order). Jones did not appeal.

The Court now, under proper screening standards, will dismiss this matter for several reasons. First, the matters raised in Jones's complaint are ones that he either did raise or could have raised in his earlier case and are therefore barred by res judicata. It is well established that "the preclusive effect of a federal-court judgment is determined by federal common law." *Taylor v. Sturgell*, 128 S.Ct. 2161, 2171 (2008). The doctrine of claim preclusion, a species of res judicata, prevents Jones from litigating his claims a second time:

> "Under the doctrine of claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Rivet v. Regions Bank of La.*, 522 U.S. 470, 476, 118 S.Ct. 921, 139 L.Ed.2d 912 (1998) (brackets and internal quotation marks omitted). Claim preclusion applies when (1) there is a final decision on the merits in the first action by a court of competent jurisdiction; (2) the second action involves the same parties, or their privies, as the first; (3) the second action raises an issue actually litigated or which should have been litigated in the first action; and (4) there is an identity of claims between the first and second actions. *Sanders Confectionery Prods., Inc. v. Heller Fin. Inc.*, 973 F.2d 474, 480 (6th Cir. 1992).

*Heike v. Central Mich. Univ. Bd. of Trustees*, 573 F. App'x 476, 480 (6th Cir. 2014). Jones's prior complaint satisfies each of these criteria. First, the February 2023 dismissal of Jones's earlier complaint for failure to state a claim constitutes a decision on the merits. *Cf. U.S. ex rel. Sheldon v. Kettering Health Network*, 816 F.3d 399, 414 (6th Cir. 2016). Second, two of the named defendants in this action were parties to the last one, and the balance are "privies" to them under the doctrine of nonmutual claim preclusion. Under that theory, dismissal is appropriate where, as here, the subsequent lawsuit arises out of the same operative facts as the first one, with only slight

3

changes to the legal theory asserted or the parties sued. *See Randles v. Gregart*, 965 F.2d 90, 93 (6th Cir. 1992); *see also Taylor*, 128 S.Ct. at 2172 n.8 (noting that while the term "privity" once referred to specific substantive legal relationships, it has since "come to be used more broadly, as a way to express the conclusion that nonparty preclusion is appropriate on any ground"); *Elbert v. Carter*, 903 F.3d 779, 782-84 (8th Cir. 2018) (indicating that nonmutual claim preclusion should apply "if the new party can show good reasons why he should have been joined in the first action and the old party cannot show any good reasons to justify a second chance") (*quoting* 18A Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 4464.1, at 709 (3d ed. 2017)).

Third, Jones's present claims arose from the same event or series of events adjudicated in his earlier case and thus were or could have been litigated in the 2022 case. *See Heike v. Cent. Michigan Univ. Bd. of Trustees*, 573 F. App'x 476, 482 (6th Cir. 2014) ("A plaintiff should have litigated two claims in his or her first suit, and thus may not litigate the second claim later, where, as here, the two claims 'arose from the same transaction, or series of transactions.'") (*citing Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 529 (6th Cir. 2006)). Fourth, the two suits present an identity of claims: "the now-accepted test in preclusion law for determining whether two suits involve the same claim or cause of action depends on factual overlap, 'barring claims arising from the same transaction.'" *United States v. Tohono O'odham Nation*, 131 S.Ct. 1723, 1730 (2011). "Two suits are for or in respect to the same claim . . . if they are based on substantially the same operative facts, regardless of the relief sought in each suit." *Id.* at 1731. Jones's current complaint is therefore barred by claim preclusion.

Jones's claims are also barred by the applicable statutes of limitation. A claim plainly barred by the applicable limitations period may be dismissed upon initial screening. *Jones v. Bock*,

4

127 S.Ct. 910, 921 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020) ("Where a statute of limitations defect is obvious from the face of the complaint, sua sponte dismissal is appropriate.") (*citing Haskell v. Washington Township*, 864 F. 2d 1266, 1273 (6th Cir. 1988); *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002)).

In certain, limited contexts, the judicially implied remedy afforded by *Bivens* permits a plaintiff to sue a federal employee for violating his or her civil rights. *Egbert*, 142 S. Ct. at 1802-03. Assuming cognizability, where the events giving rise to the claim transpired in Kentucky, the cause of action is subject to a one-year statute of limitations. *Zappone v. United States*, 870 F.3d 551, 559 (6th Cir. 2017) ("*Bivens* claims, like § 1983 claims, ordinarily borrow the personal-injury statute of limitations from the state in which the claim arose."); *Mitchell v. Chapman*, 343 F.3d 822, 825 (6th Cir. 2003) ("*Bivens* claims have a one year statute of limitations under Kentucky law."). Jones's claims accrued when he "[knew or had] reason to know of the injury which is the basis of his action." *Johnson v. Memphis Light Gas & Water Div.*, 777 F. 3d 838, 843 (6th Cir. 2015). The alleged assault took place on November 30, 2021; the asserted denial of adequate medical care persisted through February 23, 2022. *See* DE 1 at 8-13. Jones's claims accrued, at the latest (as to medical care), at that time. *Cf. Fox v. DeSoto*, 489 F. 3d 227, 233 (6th Cir. 2007) (holding that a Fourth Amendment claim that excessive force was used during an arrest generally accrues when the force was applied).

Before he could file suit, however, Jones was required to exhaust his administrative remedies available under the BOP's Inmate Grievance Program. 42 U.S.C. § 1997e(a); *Jones*, 127 S.Ct. at 914-15. When a claimant is required to exhaust such remedies before bringing suit, the

limitations period is tolled while he or she does so, as long as such remedies are pursued diligently and in good faith. *Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *see also Cuco v. Fed. Med. Ctr.-Lexington*, No. 05-CV-232-KSF, 2006 WL 1635668, at *25 (E.D. Ky. June 9, 2006) ("... exhaustion of administrative remedies tolls the running of the statute of limitations, but it does not delay its commencement."), *aff'd and remanded*, 257 F. App'x 897 (6th Cir. 2007).

The tolling period began, at the earliest, on December 16, 2021, the day Jones filed an informal sensitive grievance with the warden regarding the officers' use of force against him.[2] *See Gonzalez v. Hasty*, 651 F.3d 318, 322 n.2, 324 (2d Cir. 2011) ("... the applicable three-year statute of limitations is tolled only during that exhaustion period and not during the period in between the accrual of those claims and when Gonzalez began the administrative remedy process.") (*citing Brown*). The tolling period ended on July 12, 2022, the day the Central Office denied his final appeal regarding the use of force. *See Jordan v. U.S. Dept. of Justice*, No. 7:15-CV-138-KKC (E.D. Ky. 2015), *aff'd*, No. 17-5467 (6th Cir. Mar. 7, 2018) (holding that equitable tolling ceases once the time period for the agency to respond has expired under its regulations) (*citing Risher v. Lappin*, 639 F.3d 236, 240 (6th Cir. 2011) ("It is well established that 'administrative remedies are exhausted when prison officials fail to timely respond to a properly filed grievance.'")); *see also Burley v. Federal Bur. of Prisons*, No. 6: 15-04-DCR, 2015 WL 3973076, at *3 (E.D. Ky. June 30, 2015). The limitations period was tolled for 208 days while Jones exhausted his administrative remedies, so he was required to file suit asserting his *Bivens* claims by June 27, 2023. Even if the

---

[2] Jones does not state or provide any documentation indicating that he filed any inmate grievances or appeals regarding his medical care, a matter he appears to have raised only in his September 2022 request for informal settlement under the FTCA. That omission both renders his medical care claims under *Bivens* unexhausted and the untolled limitations period applicable to them commencing no later than February 23, 2022, rendering them clearly time-barred. For ease of discussion, however, the Court will disregard exhaustion concerns and treat the excessive force and medical care claims as governed by the same limitations period and tolling.

period were entirely tolled until July 12, 2022, the one-year period would have run on July 12, 2023.

Generally, "a pro se prisoner's complaint is deemed filed when it is handed over to prison officials for mailing to the court . . . . [A]bsent contrary evidence, a prisoner does so on the date he or she signed the complaint." *Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (citations omitted). Jones dated his complaint October 28, 2023. *See* DE 1 at 19. He also sent an accompanying letter to the Clerk explaining difficulties in obtaining a certified statement of his inmate account and stating "So I'm sending this complaint out today on 10-28-2023, because I feel as if she is trying to get me time barred from the courts." *See* DE 1-2 (Letter). However, the date Jones provides for mailing his complaint cannot be correct because the Court received Jones's complaint (mailed from a federal penitentiary in Texas) on October 27, 2023, one day before he states he mailed them. The Court cannot definitively ascertain from Jones's filings or the envelopes in which he mailed them the exact date he sent his complaint. It can determine that it was mailed after October 18, 2023, because Jones includes a letter from the BOP on that date explaining that the law library was closed for a week beforehand. *See* DE 1-3 at 2 (BOP Letter). Even choosing October 18, 2023, as the date Jones filed his complaint, the statute of limitations for his *Bivens* claims expired over three months prior. Those claims are therefore time-barred.

Jones's claim under the FTCA is likewise time-barred. The FTCA requires a would-be plaintiff to meet two deadlines: he must first present a request for administrative settlement of his claim to the appropriate federal agency within two years after the events complained of, *see* 28 U.S.C. § 2675(a), and if that request is denied, he must file suit within six months after the denial, *see* 28 U.S.C. § 2401(b). Jones satisfied the first requirement but not the second. Jones timely filed his request with the BOP on September 12, 2022. *See* DE 1-1 at 14-19. The BOP denied that

request on April 12, 2023. *See* DE 1-1 at 20-22. Jones was required to file suit under the FTCA by October 12, 2023. Jones mailed his complaint, definitively, at least one week after that date, rendering his FTCA claim time barred.

The FTCA claim fails for a second reason. The "FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee." *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990). The failure to name the United States as a defendant warrants dismissal of the FTCA claim. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction."). Jones names the Federal Bureau of Prisons as a defendant, but that is not sufficient: under the FTCA, "a governmental agency cannot be sued in its own name; the action must be brought against the United States." *Goode v. United States Dep't of Homeland Sec.*, 815 F. App'x 643, 646 (3d Cir. 2020); *see also Besada v. U.S. Citizenship & Immigr. Servs.*, 645 F. App'x 879, 880 (11th Cir. 2016) ("First, the FTCA authorizes suits against the United States, not its agencies, and Besada failed to name the United States as a party."); *Robinson v. Dep't of Homeland Sec., Customs & Border Prot.*, No. 3:22-CV-0021, 2023 WL 3020228, at *4 (D.V.I. Apr. 20, 2023) (collecting cases).

Finally, in his complaint, Jones indicates that his claims arise, in part, "under the statutes and common law of the Commonwealth of Kentucky," and he includes a claim for "negligence / gross negligence / recklessness against all individual defendants." *See* DE 1 at 3, 17. Jones does not clearly indicate whether he intends Kentucky law to undergird his FTCA claim or instead to serve as the basis for an independent state law tort claim. The Court assumes the former because Jones's first four claims all assert violation of his constitutional rights, *see* DE 1 at 13-17, and state law, not constitutional violations, must form the basis for a claim under the FTCA. *See F.D.I.C. v.*

*Meyer*, 114 S. Ct. 996, 1001 (1994). Regardless, if and to the extent Jones intended to assert pendent state law claims, the Court will dismiss them without prejudice because it will dismiss all of his federal claims. *See* 28 U.S.C. § 1367(c)(3) (providing that a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..."); *Gamel v. City of Cincinnati*, 625 F.3d 949, 952 (6th Cir. 2010) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims."). The Court will therefore dismiss any state law claims without prejudice.

Accordingly, the Court **ORDERS** as follows:

1. The Court **DISMISSES** all federal claims in Jones's DE 1 Complaint;

2. The Court **DISMISSES**, without prejudice, any claims arising under state law;

3. The Court will enter a corresponding judgment; and

4. This matter is **STRICKEN** from the docket.

This the 4th day of October, 2024.

Signed By:
Robert E. Wier
United States District Judge